JAMES CANN, Judge.
Claimant John Kipp is the owner of a 1948 Buick automobile which on the 3rd day -of November, 1949, was legally parked in front of his home situate at 725 West Third Avenue, in the city of Huntington, Cabell county, West Virginia; on this same date, at or about four-thirty o’clock p.m., Sgt. Arthur Strank, a member of the West Virginia national guard, was operating a national guard truck, which was towing a 105 m.m. Howitzer. Sgt. Strank had left the national guard garage situate on said Third Avenue, near the home of claimant, for the purpose of delivering the Howitzer at the armory at 119 5th Avenue in said city of Huntington; he had proceeded east over Third Avenue about one-half a block when the Howitzer became detached from the truck, veered to the right and struck claimant’s parked automobile, causing damages thereto in the amount of $78.39. From the evidence introduced and from the affidavits which were made part of the record, it appears to *109 the satisfaction of the court that the Howitzer was either improperly fastened to the truck or that the spring lock on the truck that holds the latch down was weak and failed to hold. The operator of the truck attempts to indicate that because of the bumps and jarring caused by the ruts on the street over which he was travelling, caused the Howitzer to break loose. General Charles R. Fox, adjutant general of the state of West Virginia, testified substantially as follows: “There must have been some present (negligence or carelessness) because these locks normally should not become loose even over exceptionally rough ground.” Record p. 14..
General Fox further testified substantially that the claim should be paid because he feels that the accident was entirely their fault. The position of the adjutant general is approved by the office of the attorney general, through its assistant. Under the circumstances and facts presented to us we conclude that the damages to claimant’s automobile were caused by the independent and negligent act of the driver of the truck, agent of the state agency involved, in not properly securing the Howitzer to the truck in question; that this act was the proximate cause of the damages complained of and was in no way brought about by any fault or act of claimant. Therefore, we make an award to claimant in the sum of seventy-eight dollars and thirty-nine cents ($78.39).